MAE O'HANLON, as Administratrix of the Estate of JAMES J. O'HANLON, Deceased, Appellant, *v.* THOMAS E. MURRAY, as Receiver of Interborough Rapid Transit Company, Respondent.

Argued February 28, 1941; decided April 24, 1941.

*Jeremiah A. O'Leary* for appellant.

*William C. Chanler, Corporation Counsel (Edward J. McGratty, Jr., and Paxton Blair* of counsel), for respondent.

DESMOND, J. Plaintiff's intestate was killed when he stepped from the platform in defendant's subway station in the city of New York onto the tracks and was struck by a train. The subway station was so arranged that passengers had to pay their fares before entering upon the platform bordering the tracks. The surface of the platform was four

feet above the tracks. A witness for the plaintiff testified that as he stood on the platform waiting for a train he noticed the intestate lying on the tracks, and, giving warning, ran to the rescue. He said that in the presence of two station agents he lifted the man from the tracks to the platform and onto a bench which was eight feet away from the edge of the platform, that the man did not appear to be conscious and sat in a slumped position on the bench, in which condition the station agents left him and returned to their duties. The witness testified further that he went to the station agent's booth, some distance from the bench, and told the agent to call a police officer as the man " would fall off the platform again," to which the agent replied, " What can I do? I am all alone. I can't do a thing," and that a special officer had been called. Later, as this witness stood near the station agent's booth reading his newspaper, he heard the rumble of an approaching train and looking up, saw the man get up from the bench and walk off the platform onto the tracks. The witness ran along the platform toward the oncoming train, shouting and waving his paper, but " The train was too close and the motorman couldn't stop." Plaintiff's intestate was crushed to death as he tried to get back upon the platform. This evidence, together with the inferences reasonably to be drawn therefrom, was sufficient to take the case to the jury upon the question whether defendant's agent, when the intestate was first removed from the tracks, exercised such care, precaution and aid as were due to an ordinary passenger and " any special care and attention beyond that given to the ordinary passenger which reasonable prudence and care demanded for his exemption from injury." (*Fagan* v. *Atlantic Coast Line R. R. Co.*, 220 N. Y. 301, 307.)

However, the trial court also submitted to the jury the question of the method of the operation of the train. The record contains no evidence that would justify a jury in finding that the train was being operated in a negligent manner, or that the motorman could have stopped the train sooner than he actually did. The only witness for

plaintiff who saw the accident repudiated on cross-examination his direct testimony in this respect. All the credible testimony places the train inside the station at the time plaintiff's intestate stepped off the platform and at a point so close to him as to make the result inevitable.

The judgments should be reversed and a new trial granted, with costs to abide the event.

RIPPEY, J. (concurring in part). I concur with Judge DESMOND in so far as he finds that a question of fact was presented as to whether the agent of the defendant, when the deceased was first removed from the track, exercised such care and caution as was required under the circumstances.

It is asserted that there was insufficient evidence to take the case to the jury on the question of the negligent operation of the train or that, if there was negligence, it was not the proximate cause of the accident. With that conclusion I cannot agree. The question here is not as to the weight to be accorded to the evidence of witnesses nor are we permitted to pass upon the question of credibility and there was some evidence indicating that the motorman had ample opportunity of observing the situation in which the deceased was placed when he went off the platform in front of the oncoming train to enable him, if he acted with reasonable promptness, to stop the train before the accident occurred. Reasonable care demanded that he observe and act upon the signals given him by a passenger on the platform of the position of the deceased. The train was operated a distance of at least 145 feet beyond the point where the defendant's motorman might have observed the position of the deceased, the tracks and surroundings were well lighted and the motorman made no effort to stop his train and failed to apply his brakes until after he had struck the deceased. The approach to the station was around a curve. Under the rules, since that circumstance was present, the motorman was prohibited from operating in excess of nine miles per hour. Yet there was evidence that the train could be normally stopped in

an emergency when operating at twenty-five miles per hour within a distance of eighty feet. Without pursuing the matter further it is sufficient to say that upon this record there was evidence to go to the jury upon the question as to whether the train was operated with such care and caution under the existing circumstances as ordinary prudence required and whether the lack thereof, if any, was the proximate cause of the accident.

Consequently, I believe that the judgment should be reversed and the verdict reinstated, with costs. However, a majority of the court do not agree with me on the sufficiency of the evidence to warrant submission to the jury of the question of the negligence of the motorman and, in those circumstances, it becomes necessary for me to concur in the granting of a new trial and leave it to the plaintiff to supply, if possible and if she is so advised, such deficiency of proof as may exist in the present record in that respect.

FINCH, J., concurs with DESMOND, J.; RIPPEY, J., concurs in part in separate memorandum in which CONWAY, J., concurs; LEHMAN, Ch. J., LOUGHRAN and LEWIS, JJ., dissent.

Judgments reversed, etc.