David F. Lee, Jr., J.
In an action to declare the rights of the parties under an “ Automobile Policy ” of insurance issued by the defendant to the owner of a bus, Arthur Brundage, plaintiff seeks a summary judgment declaring that the plaintiff is an insured within the meaning and language of the policy, that the defendant is obligated by the terms of the policy to provide the plaintiff with a defense, and to pay any judgment up to the *466 policy limits awarded to the plaintiff in the pending negligence action of Robert M. Thompson, an infant, by his guardian ad litem, Dorothy E. Thompson, as plaintiff against the Board of Education of the Enlarged City School District of the City of Oneonta, New York, defendant.
The primary question before the court is whether or not the plaintiff, Board of Education, is an insured under the policy issued to Brundage, and that matter is to be determined on this motion by the terms of the policy issued to Brundage, and by the allegations of the complaint in the negligence action against the Board of Education. The plaintiff, Board of Education, entered into an agreement with the owner of the bus, Arthur Brundage, to provide transportation for the children of the school district. The defendant issued an “ Automobile Policy ” of insurance to Brundage on the bus. While aboard the bus owned by Brundage the infant plaintiff in the principal action was injured when he was struck by a fellow student. The complaint in the principal action alleges: “ third : That, upon information and belief, at all times hereinafter mentioned the defendant was charged with the responsibility of administering the schools and arranging for the supervision of the students while the students were in attendance at school, fourth : That on or about September 13, 1963, while the plaintiff was aboard a school bus which was provided by the defendant for the transportation of students from the school to their homes, he was injured when he was struck by a fellow student, fifth : That the injuries were suffered by the plaintiff as a result of the failure of the defendant, its officers, agents and employees, to properly supervise the students, although the defendant, its officers, agents and employees, knew or should have known of the vicious and undisciplined propensities of the fellow student who struck the infant plaintiff. ’ ’
The plaintiff urges upon this motion that it was using the bus under the terms of the policy of insurance and is an insured within its provisions.
The insuring agreements provide: “I. coverage a — bodily injury liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile. II. defense, settlements, supplementary payments. With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall: (a) defend any suit against the *467 insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; III. definition of insured. (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word ‘ insured ’ includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or Organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.”
The policy of insurance provides under ‘ ‘ Exclusions 7 ’ that “ This policy does not apply: * * * (b) under Coverages A and B, to liability assumed by the insured under any contract or agreement.”
The event alleged in the complaint in the negligence action against the Board of Education does not support the conclusion that the accident arose out of the use of the bus by the Board of Education. The court concludes that the Board of Education is not an insured under the policy of insurance issued by the defendant to Brundage, and accordingly the motion of plaintiff for summary judgment should be denied, and summary judgment granted to the defendant.
Summary judgment, without costs, is accordingly granted to defendant to the extent of declaring that plaintiff is not an ‘1 insured ’7 within the meaning and language of the policy issued by defendant to Arthur Brundage under the allegations of the complaint in the principal action submitted upon argument of this motion, and that defendant is not obligated to provide the plaintiff with a defense or to pay any judgment recovered against the plaintiff.