BOARD OF EDUCATION OF THE ENLARGED CITY SCHOOL DISTRICT OF THE CITY OF ONEONTA, Appellant, v. TRAVELERS INDEMNITY COMPANY, Respondent.— AULISI, J. Appeal from a judgment and order of the Supreme Court at Special Term, Otsego County, which denied plaintiff's motion for summary judgment in a declaratory judgment action and granted defendant's cross motion for summary judgment. Appellant seeks an adjudication that by reason of an automobile liability policy issued by respondent to one Arthur Brundage appellant is an insured, entitled to be defended and that respondent is responsible to pay any judgment awarded against appellant in an action brought by Robert M. Thompson. In 1960, Arthur Brundage entered into a contract with appellant for the transportation of its school children from their homes to its schools. While said policy was in force on September 13, 1962 a student, the above-named Robert M. Thompson, was allegedly assaulted by a fellow student on one of the insured buses. Thompson sued appellant which in

turn brought a third-party action against Brundage. In the primary action (*Thompson* v. *Board of Educ.*, 23 A D 2d 520), we held that the Thompson complaint could be viewed as charging passive negligence as well as active negligence which resulted in plaintiff's injury and therefore, affirmed an order denying Brundage's motion to dismiss the third-party complaint. In this case we have two principal questions, (1) was appellant an "insured"; (2) was the event within the coverage of the policy. In our view, both questions should be answered in the affirmative and, therefore, we find it necessary to disagree with the holding of the Special Term. The policy of insurance issued pursuant to the provisions of section 370 of the Vehicle and Traffic Law provides, in pertinent part: I. *Coverage A — Bodily Injury Liability.* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile. * * * II. *Defense, Settlements, Supplementary Payments.* With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall: (a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * * III. *Definition of Insured.* (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word "insured" includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. In our opinion the appellant, having contracted for the use of the bus, was clearly a "person or organization legally responsible for [its] use" and further, it being undisputed that the bus was being driven by an employee of the insured "the actual use of the automobile [was] by the named insured * * * or with [his] permission." As to appellant's duty to defend, our courts have frequently held that the insurer's duty to defend may be broader than its duty to pay, indeed that an insurer may be obligated to defend even where a complaint fails to state facts with sufficient clarity to determine if the action is within or without the coverage of the policy and, also, where the complaint alleges facts both within and without the coverage (see *Goldberg* v. *Lumber Mut. Cas. Ins. Co.*, 297 N. Y. 148; *Grand Union Co.* v. *General Acc., Fire & Life Assur. Corp.*, 254 App. Div. 274, affd. 279 N. Y. 638; *Pow-Well Plumbing & Heating* v. *Merchants Mut. Cas. Co.*, 195 Misc. 251; *Cohen* v. *Jacoby*, 27 Misc 2d 396). Looking at the Thompson complaint we find that it alleges that one student assaulted another and that appellant was negligent in permitting the assault to occur in that it knew or should have known of the vicious and undisciplined propensities of the fellow student who struck Thompson. Coupling this allegation with the broad coverage language contained in the policy, we conclude that the incident here involved is potentially within the policy coverage. (See *Green Bus Lines* v. *Ocean Acc. & Guar. Corp.*, 287 N. Y. 309.) Therefore, without expressing any opinion as to the liability of the insurer to pay any judgment which might ultimately be recovered, we conclude that the insurer is under a duty to defend the primary action on behalf of the appellant. We find no merit in respondent's other contentions. Judgment and order reversed, on the law and the facts, and judgment declaring that the appellant is an insured within the meaning and language of the

policy of automobile insurance issued by the respondent and declaring that the respondent is obligated by the terms of the said policy to provide the appellant with the defense in the primary action granted, with costs. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur. [48 Misc 2d 465.]