SECOND DEPARTMENT, AUGUST, 1977

(August 1, 1977)

■   ASSOCIATION FOR THE HELP OF RETARDED CHILDREN, INC., Respondent, v INSURANCE COMPANY OF NORTH AMERICA et al., Appellants, et al., Defendants.—In an action, *inter alia,* to declare that plaintiff is entitled to be defended by defendant-appellant Insurance Company of North America in a certain civil action and to have any judgment against it in that action paid in full by that insurer to the limits of the applicable policy of insurance, the said insurer and defendant Tomfor Transportation Company appeal from a judgment of the Supreme Court, Nassau County, entered June 29, 1976, which after a nonjury trial, *inter alia,* declared that the plaintiff was entitled to be defended and indemnified by the said insurer. Judgment modified, on the law, by deleting (1) from the first decretal paragraph thereof the words "and indemnified" and (2) from the second decretal paragraph thereof the words "and indemnify". As so modified, judgment affirmed, with one bill of costs to appellants. The facts are not disputed. As stated by Mme. Justice Burstein in her opinion at Special Term: "The action arises out of an accident which occurred on April 26, 1974. On that date defendant, Noreen Nilsson, a student at The Association for the Help of Retarded Children, Inc. ('AHRC') was injured when she fell from a stationary school bus on the premises of AHRC. Noreen was ambulatory and entering the bus on her own, with assistance from an employee of AHRC. Noreen claims that the accident was caused by the negligence of AHRC in failing adequately to supervise her while she attempted to board the bus. The school bus involved in the accident was owned by defendant Tomfor Transportation Corp. ('Tomfor'), and operated by an employee of Tomfor. On the date of the accident there was in effect a policy of automobile liability insurance issued by defendant Insurance Company of North America (INA) to Tomfor. The INA policy defines those persons insured under the policy to include '(a) the named insured [and] (c) any other person while using an owned automobile [with the permission of the named insured], but with respect to bodily injury * * * arising out of the loading or unloading thereof, such other person shall be an insured only if he is: (1) a lessee or borrower of the automobile'." We agree with Special Term that AHRC is entitled to be defended by INA in the primary action for the reasoning expressed at Special Term and in *Nassau County Ch. of Assn. for Help of Retarded Children v Insurance Co. of North Amer.* (59 AD2d 525). In our opinion, the regulation of the Superintendent of Insurance which permits the limitation of coverage of liability to others to "a lessee or borrower" of

the vehicle where injuries are sustained in the process of "loading or unloading" does not apply to ambulatory passengers of a motor vehicle (see *Breen v Cunard Lines S. S. Co.,* 33 NY2d 508; cf. *Broome County Co-op Fire Ins. Co. v Aetna Life & Cas. Co.,* 75 Misc 2d 587). Even if the term "loading" were considered applicable to the child's boarding of the bus, such "loading" was completed at the time of the occurrence since the undisputed testimony was that the child was ambulatory and was in the bus "starting to turn to sit in the seat" when she fell backward out of the bus. Further, it is not clear on this record that AHRC was not a "lessee or borrower" of the bus despite the testimony that Noreen's fare was paid by the school district as Noreen was between the ages of 5 and 21. The complaint in the Nilsson action alleges that Tomfor was engaged by AHRC to transport retarded persons between the Nilsson home and the AHRC facility. The undisputed testimony in the action at bar was that AHRC had a contract with Tomfor for transportation of children over age 5 and under age 21, and that there were retarded children and young people of those ages on the bus with Noreen. We express no opinion as to INA's liability to pay a NY judgment which might ultimately be recovered by the Nilssons in the primary action. The question of coinsurance was not raised in the pleadings. While the record on appeal contains no such stipulation, the statement by Special Term that by stipulation the question of coinsurance was not submitted is not controverted or referred to on the appeal. This issue therefore is not before us. Hopkins, J. P., Latham and Rabin, JJ., concur; Titone, J., concurs in the affirmance of portions of the judgment appealed from, but otherwise dissents and votes to affirm the balance of the judgment, with the following memorandum, in which O'Connor, J., concurs: In my opinion INA's policy of insurance covering the defendant bus company obligates INA not only to defend plaintiff AHRC in the personal injury action, but also to indemnify if for any judgment that may be obtained against it. In article I of the subject policy, it is provided, *inter alia:* "The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of * * * bodily injury * * * caused by an occurrence and arising out of the * * * use * * * and the Company shall have the * * * duty to defend any suit against the Insured seeking damages on account of such bodily injury". Article II, entitled "Persons Insured", contains the following pertinent language: "Each of the following is an Insured under this insurance to the extent set forth below: * * * (c) any other person while using an owned automobile or a hired automobile with the permission of the Named Insured, provided his actual operation or (if he is not operating) *his other actual use* thereof is within the scope of such permission". (Emphasis supplied.) In the instant case, it is uncontroverted that the defendant bus company was retained by AHRC to transport retarded persons between AHRC's facilities and plaintiff's home, and that the accident was alleged to have happened by plaintiff falling to the pavement from the bus company's bus while it was taking on passengers. Thus, such "other actual use" of the subject bus by AHRC was clearly within the scope of the bus company's permission and AHRC should be indemnified if it becomes "legally obligated to pay * * * damages because of * * * bodily injury * * * caused by an occurrence and arising out of the * * * use" of the vehicle in question.