■ NASSAU COUNTY CHAPTER OF THE ASSOCIATION FOR THE HELP OF RETARDED CHILDREN, INC., Appellant, v INSURANCE COMPANY OF NORTH AMERICA, INC., et al., Respondents, et al., Defendants.—In an action, *inter alia,* to declare that plaintiff is an additional insured under a policy issued by defendant Insurance Company of North America, Inc. (INA), to defendant Jay Dee Transportation, Inc. (Jay Dee), plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, entered September 24, 1976, on an agreed statement of facts, as declared that the plaintiff is not an insured under the said policy of insurance and that defendant INA is not obligated either to defend the plaintiff or to pay any judgment recovered against it in a certain civil action. Judgment reversed insofar as appealed from, on the law, with costs payable by respondents to plaintiff-appellant, and it is declared (1) that the plaintiff is an insured under the policy issued by defendant INA to defendant Jay Dee and (2) that INA is obligated to provide plaintiff with a defense in the action brought on behalf of defendant Debra Wright, an infant, by her parent and guardian, George Wright, and defendant George Wright, individually, against the plaintiff and Jay Dee, arising out of an accident which occurred on July 8, 1974. The facts are not disputed. Defendant Debra Wright, a retarded child, was enrolled as a camper in a summar camp operated by the plaintiff Nassau County Chapter of the Association for the Help of Retarded Children. Transportation to and from the camp was furnished by the

plaintiff through a contract between it and defendant Jay Dee. Debra and her father and guardian, George Wright, brought suit against the plaintiff and Jay Dee for injuries allegedly sustained when Debra was found by her father "with bare flesh upon the heated steel floor of the bus". In this action the plaintiff seeks a judgment declaring that INA, which issued a comprehensive automobile liability policy to Jay Dee as the named insured, is obligated under the terms of that policy to defend and indemnify the plaintiff in the Wrights' action for personal injuries. INA's policy with Jay Dee provides: "I. * * * The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of * * * bodily injury * * * caused by an occurrence and arising out of the * * * use, including loading and unloading, of any automobile, and the Company shall have the * * * duty to defend any suit against the Insured seeking damages on account of such bodily injury * * * even if any of the allegations of the suit are groundless, false or fraudulent * * * II. PERSONS INSURED Each of the following is an Insured under this insurance to the extent set forth below: (a) the Named Insured; * * * (c) any other person while using an owned automobile or a hired automobile with the permission of the Named Insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission". The complaint in the Wright action for personal injuries alleges: "That the injuries complained of were caused solely due to the negligence of these defendants [i.e., plaintiff and Jay Dee] in failing to properly supervise and care for the infant while being transported; and in failing to provide a matron or a person of adult capacity and training to care for such infant while she was on such bus, and to prevent the injuries caused her." In our opinion the incident here involved is potentially within the policy coverage and plaintiff is entitled to be defended by INA in the primary action (see *Board of Educ. v Travelers Ind. Co.,* 25 AD2d 599; *Owen v Rochester-Penfield Bus Co.,* 304 NY 457; *Sheridan v Brooklyn City & Newtown R. R. Co.,* 36 NY 39, 42; *O'Hanlon v Murray,* 285 NY 321, 323). "Plainly, 'use or operation' encompasses more than just driving a car. *(Eckert v Farrington Co.* [262 App Div 9] *supra; Stole v United States Steel Corp.* [34 Misc 2d 103] *supra.)* Reasonably, the phrase must include all activities necessarily part of driving a car, such as getting in and getting out." *(Fireman's Fund Amer. Ins. Cos. v Olin of New York,* 84 Misc 2d 504, 505.) We express no opinion as to INA's liability to pay any judgment which might ultimately be recovered by the Wrights in the primary action. The question of coinsurance was not raised in the pleadings and the policy issued by the Liberty Mutual Insurance Company to the plaintiff, although submitted to the court at Special Term, has not been reproduced in the record on appeal and is not before us. Hopkins, J. P., Latham and Rabin, JJ., concur; Titone, J., concurs in the result, but also votes to declare that defendant INA has a duty to pay any judgment which may be had against plaintiff to the extent of the policy limits, with the following memorandum, in which O'Connor, J., concurs: I agree with the majority's determination that INA is obligated under the terms of the subject policy to defend the plaintiff in the action for personal injuries. However, I do not share the majority's reluctance to express an opinion as to INA's duty to pay any judgment that may be obtained against plaintiff in that action. In my opinion, plaintiff, having engaged the services of the defendant bus company to transport retarded children to summer camp, was clearly an "Insured" under subdivision C of article II of the bus company's policy with INA, which includes as "an Insured", "(c) any other person while using an owned automobile or a hired automobile * * * or *(if*

*he is not operating)* his other actual use thereof is within the scope of such permission" (emphasis supplied). That such an "Insured" is entitled to be indemnified in case a judgment is rendered against it, is manifestly evident from earlier language contained in the policy, to wit: "The company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of * * * bodily injury * * * caused by an occurrence and arising out of the * * * use * * * of any automobile". Thus, in view of the clear unambiguous language set forth above, I believe INA has both the duty to defend plaintiff and to pay any judgment that may be obtained against it in the primary action.