■ In the Matter of the Arbitration Between GRAPHIC ARTS MUTUAL INSURANCE COMPANY et al., Appellants, and LORRAINE LENO, On Behalf of EDWARD LENO and Another, et al., Respondent. [626 NYS2d 916] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Lorraine Leno (respondent) filed a claim on behalf of Edward and April Leno for uninsured motorists coverage under commercial automobile policy number BAC 1443415 issued by petitioner Graphic Arts Mutual Insurance Company (Graphic Arts) to Business Services Company of Utica. Graphic Arts denied the claim and respondent filed a demand for arbitration. Petitioners thereafter filed a petition for a stay of arbitration of the claim of respondent or, alternatively, for "reasonable discovery" to determine whether Edward and April Leno are entitled to uninsured motorists coverage under the Graphic Arts policy. Respondent cross-petitioned seeking, among other relief, an order denying the petition and directing that respondent's claim proceed to arbitration. Supreme Court denied the petition for a stay of arbitration. The court determined that Edward and April Leno are "insureds" as defined by the Graphic Arts policy and that the issues "(1) whether there is insurance coverage under the policy, taking into consideration all relevant terms of the policy including exclusions, and (2) the amount of damages are subject to arbitration at the

demand of the insured". The court denied petitioners' request for "reasonable discovery" and the relief sought in the cross petition.

The Graphic Arts policy contains a limited arbitration clause that states, if "[Graphic Arts] and an **insured** disagree whether the **insured** is legally entitled to recover damages from the owner or driver of an **uninsured motor vehicle** or do not agree as to the amount of damages, either party may make a written demand for arbitration". Therefore, the parties agreed to arbitrate only two issues: (1) the insured's right to recover from the uninsured tortfeasor, and (2) the amount of the insured's damages *(see, Matter of Kansas City Fire & Mar. Ins. Co. [Barnes],* 115 AD2d 311).

The court properly determined that Edward and April Leno are "insureds" as that term is defined in the uninsured motorists insurance endorsement of the Graphic Arts policy. That endorsement, however, excludes from coverage "[a]nyone using a vehicle without a reasonable belief that the person is entitled to do so". Whether Edward and April Leno are precluded from recovering under that endorsement because of the applicability of the non-permissive use exclusion implicates a coverage issue for the court, not the arbitrator, to decide and, therefore, the court erred in directing arbitration of that issue *(see, Matter of United States Fid. & Guar. Co. v Mitchell,* 168 AD2d 941, 942). Furthermore, because there are issues of fact whether Edward and April Leno were using the vehicle without a reasonable belief that they were entitled to do so, the court further erred in denying the request of petitioners for reasonable discovery on that issue. Once discovery is completed, the court should determine the applicability of the non-permissive use exclusion and whether Edward and April Leno are entitled to recover under the uninsured motorists insurance endorsement of the Graphic Arts policy. If it is determined that they are not so entitled, petitioners should be granted a permanent stay of arbitration. If the court determines that there is coverage, the matter should proceed to arbitration.

Contrary to the contention of respondent, the petition for a stay of arbitration was not untimely. Where, as here, the application is made upon a ground, among others, that the claim is one for which no coverage exists by virtue of an exclusion in the policy, the 20-day limitations' period set forth in CPLR 7503 (c) does not apply *(see, Matter of Continental Ins. Co. v Sarno,* 128 AD2d 870, 871). We have reviewed the

remaining issues addressed by the parties and conclude they are lacking in merit.

Therefore, we modify the order on appeal by granting petitioners reasonable discovery on the issue whether Edward and April Leno were using the vehicle without a reasonable belief that they were entitled to do so and by deleting the second and third ordering paragraphs. We remit the matter to Supreme Court and direct the court, upon completion of reasonable discovery, to determine whether Edward and April Leno are entitled to recover under the uninsured motorists insurance endorsement or whether they are precluded from recovering by the non-permissive use exclusion. We further modify the order by staying arbitration pending discovery and the court's determination. (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Stay Arbitration.) Present—Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.