■ In the Matter of the Arbitration between GRAPHIC ARTS MUTUAL INSURANCE COMPANY et al., Respondents, and LORRAINE LENO, on Behalf of EDWARD LENO and Another, et al., Appellants. [674 NYS2d 535] —Order unanimously affirmed with costs. Memorandum: On the prior appeal in this matter, we granted petitioners reasonable discovery on the issue whether Edward and April Leno were using the vehicle without a reasonable belief that they were entitled to do so and directed Supreme Court, upon completion of reasonable discovery, to determine whether Edward and April Leno are entitled to recover under the uninsured motorists insurance endorsement of the policy issued by petitioner Graphic Arts Mutual Insurance Company (Graphic Arts) or whether they are precluded from recovering by the nonpermissive use exclusion. We also stayed arbitration pending discovery and the court's determination (*Matter of Graphic Arts Mut. Ins. Co. [Leno]*, 214 AD2d 976, *lv dismissed* 86 NY2d 838). We did not address the issue whether the nonpermissive use exclusion in the uninsured motorists insurance endorsement of the Graphic Arts policy violates Insurance Law § 3420 (f) (1) because that issue was not before us. That issue is now before us, and we conclude that the exclusion does not violate Insurance Law § 3420 (f) (1) (*cf., Hartford Ins. Co. v Halt*, 223 AD2d 204, *lv denied* 89 NY2d 813).

After completion of discovery, the court determined that Edward and April Leno are not entitled to recover under the uninsured motorists insurance endorsement of the Graphic Arts policy because they were using the vehicle without a reasonable belief that they were entitled to do so. The record supports the court's determination. "[T]he public policy of this State generally denies judicial relief to those injured in the course of committing a serious criminal act" (*Barker v Kallash*, 63 NY2d 19, 24). The knowing and active participation of Edward and April Leno in the unauthorized use of the motor vehicle precludes their recovery for injuries resulting from that conduct (*see, Manning v Brown*, 91 NY2d 116). Thus, the court properly granted petitioners' cross motion for a permanent stay of arbitration. (Appeal from Order of Supreme Court, Monroe County, Siragusa, J.—Arbitration.) Present—Denman, P. J., Pine, Wisner, Callahan and Fallon, JJ.