■ In the Matter of the Arbitration between LYNNE NORDONE, Appellant, and GOVERNMENT EMPLOYEES INSURANCE Co., Respondent.—In a proceeding by an automobile liability insurer to stay arbitration demanded pursuant to the uninsured motorist endorsement contained in an insurance policy, the appeal is from an order of the Supreme Court, Nassau County, dated January 23, 1976, which granted the application. Order affirmed, with $50 costs and disbursements. The appellant, while riding as a passenger in an automobile owned by William Cummings and operated by his daughter, was injured when the automobile was struck by a car owned and driven by a Rhode Island uninsured motorist. At the time of the accident Mr. Cummings was insured under an automobile liability policy issued by Aetna Insurance Company, which contained an uninsured motorist endorsement. The effect of the endorsement was to provide coverage for appellant in these specific circumstances. Appellant made a claim for arbitration under her father's two policies of insurance with petitioner. Those policies contained an "other insurance" clause, the effect of which is to render Aetna primarily liable under its policy. Under the circumstances, petitioner-respondent is entitled to a stay of the arbitration. (See *Matter of Travelers Ins. Co. v Case*, 36 AD2d 833; *Cohen v Liberty Mut. Ins. Co.*, 35 AD2d 719.) Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.

■ In the Matter of DOLORES RANKIN, Respondent, v RANDOLPH A. RANKIN, Appellant.—In a proceeding to enforce the terms of an order of support, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County, dated September 7, 1976, as determined that he was obligated to pay $350 per month as child support. Proceeding remitted to the Family Court to hear and report, with findings of fact, on the issue of whether the stipulation dated September 19, 1975 was intended by the parties to permanently raise appellant's child support obligation from $300 per month to $350 per month without regard to the continuance of the therapy. The appeal is held in abeyance in the interim. A proper determination of this appeal cannot be made until the issue set forth above is resolved. We are unable to determine whether the order appealed from raised appellant's support obligation without adherence to the provisions of section 461 of the Family Court Act. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.

■ In the Matter of CHARLES S., Respondent.—Appeal, as limited by appellants' brief, from so much of an order of the Family Court, Kings County, dated November 6, 1975, as directed the expunction of all records in the New York City Police Department and the New York City Transit Authority Police Department relating to the arrest of petitioner on June 6, 1975. Order reversed insofar as appealed from, on the law, without costs or disbursements, and application denied insofar as it sought the expungement of police records. Section 255 of the Family Court Act does not provide statutory authority for the Family Court to order the expungement of police department records (see *Matter of Antonio P.*, 40 NY2d 960). Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.