*638 OPINION OF THE COURT
Per Curiam.
Zolene Garner owned a 1975 Chrysler which was insured through defendant Utica Mutual Insurance Company. In March 1985 she gave her brother, plaintiff Leslie Rowell, permission to drive the vehicle. While plaintiff was stopped at a delicatessen, a man attempted to steal the vehicle. Plaintiff ran from the store, opened the driver’s side door and tried to prevent the thief from driving away. In doing so, plaintiff caught his foot in the door of the moving vehicle and was dragged alongside it, sustaining injuries as a result. Under the policy, a standard uninsured motorist endorsement provided that Utica Mutual would pay all amounts which the "insured” shall be legally entitled to recover as damages from the owner or operator of an "uninsured automobile” due to injury sustained by the insured.
Plaintiff commenced this declaratory judgment action against defendants Utica Mutual and the Motor Vehicle Accident Indemnification Corporation seeking a determination of the respective rights and obligations of the parties. Two questions are presented: whether plaintiff was an "insured” and whether the vehicle was "an uninsured” automobile.
Insurance Law § 3420 (f) (1) mandates that an insurer cover, up to certain limits, injuries "to the insured, as defined in [the policy]” resulting from actions taken by certain uninsured motorists. Utica Mutual’s policy defines "insured” as:
"the named Insured and * * * any other person while occupying an automobile owned by the named Insured * * * and used by or with the[ir] permission”.
MVAIC contends that plaintiff was an "insured” as defined by Utica Mutual’s endorsement because he had been "occupying” the automobile and it was "used” with the "permission” of the named insured at the time of the injury.
The uninsured motorist endorsement in the Utica Mutual policy and section 3420 (f) (3) of the Insurance Law both define *639 "occupying” as "in or upon or entering into or alighting from”. The term has received a liberal interpretation because of the expansive definition in the statute and in standard policy endorsements (see, State-Wide Ins. Co. v Murdock, 31 AD2d 978, 979, affd 25 NY2d 674; Matter of Allstate Ins. Co. v Flaumenbaum, 62 Misc 2d 32, 47). Similarly, "use” of an automobile encompasses more than simply its driving and includes all necessary incidental activities such as entering and leaving its confines (see, Nassau County Ch. of Assn. for Help of Retarded Children v Insurance Co., 59 AD2d 525, 526; Glouzwski v Ruback, 3 AD2d 692). Plaintiff’s act of opening the car door and trying to enter fits within the broad definition of those terms under the endorsement, statute and case law.
The only remaining question in determining if plaintiff is an "insured” under the uninsured motorist endorsement is whether plaintiff had his sister’s "permission” to use the car in the manner he did at the time of the injury. A reasonable interpretation of the scope of permission to use the car includes plaintiff’s attempt to stop a thief from stealing the car while it was in his trust. Accordingly, plaintiff is an "insured” under the policy and is entitled to recover from Utica Mutual if, at the time of the injury, the vehicle causing his injuries was an "uninsured” automobile.
Utica Mutual’s uninsured motorist endorsement reads:
"[Utica Mutual] will pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * caused by accident arising out of the ownership, maintenance or use of such uninsured automobile”.
The policy further states: "the term 'uninsured automobile’ shall not include an automobile owned by the named insured or spouse”. MVAIC argues that this exclusion is "invalid” in these circumstances because an insurer may not lawfully exclude coverage for damages caused by the automobile insured under the policy.
Insurance Law § 3420 (f) (1) requires every motor vehicle insurance policy to contain an uninsured motorist endorsement under which the insurer agrees that it will pay to an insured any damages caused by an owner or operator of an uninsured motor vehicle, a stolen vehicle and a motor vehicle *640 operated without permission of the owner. "The purpose of the endorsement [is] to help effectuate the scheme of compulsory automobile liability insurance * * * by providing coverage to insured persons who suffer automobile accident injuries at the hands of financially irresponsible motorists” (Matter of Country-Wide Ins. Co. v Wagoner, 45 NY2d 581, 586). Thus, the statutorily required endorsement is remedial in nature and should be liberally construed to afford a person injured in an accident involving an uninsured driver the same protection that such a person would have had if involved in an accident caused by a legally insured motorist (see, Matter of Knickerbocker Ins. Co. [Faison], 22 NY2d 554, 558, cert denied 393 US 1055; Matter of Neals v Allstate Ins. Co., 34 AD2d 265, 266). Additionally, Utica Mutual’s endorsement must be construed as if all the "provisions [of Insurance Law § 3420 (f) (1)] were embodied therein” (Insurance Law § 3420 [f] [1]).
Utica Mutual’s endorsement provides coverage generally to an insured for all sums the insured is legally entitled to recover as damages from the owner or operator of an uninsured auto but then excludes coverage for damages caused by "an automobile owned by the named insured”. The statute, however, contains no such exclusion from coverage and expressly requires uninsured motorists coverage in cases involving "a stolen vehicle” and "a motor vehicle operated without permission of the owner.” Reasonably interpreted, both terms necessarily include the car insured under the policy if it is stolen or used without permission. Thus, Utica Mutual’s endorsement impermissibly attempts to exclude plaintiff from uninsured motorist coverage where the Legislature has expressly required it (see, Matter of Carmichael [Government Employees Ins. Co.] 54 AD2d 140, 142). In these circumstances, where the insured is injured by a stolen vehicle, which coincidentally is the vehicle insured under the policy in question, the endorsement required by the Insurance Law should be considered to be embodied in the policy (Insurance Law § 3420 [f] [1]; cf., Matter of Knickerbocker Ins. Co. [Faison], 22 NY2d 554, 558, supra).
Accordingly, the order of the Appellate Division should be reversed, with costs, defendant Utica Mutual’s motion to dismiss denied, defendant MVAIC’s motion for summary judg *641 ment granted, and plaintiff declared entitled to make a claim only against Utica Mutual.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Order reversed, etc.