OPINION OF THE COURT
Eugene L. Nardelli, J.
Petitioner Allstate Insurance Company (Allstate) received a demand for arbitration of the claim of Danielle Mark for injuries sustained in an accident involving a hit-and-run motorist. Allstate had issued liability policies covering the vehi *189 cíes of Abraham Benjamin, the grandfather of Danielle Mark. One of Benjamin’s vehicles was stolen. Lynette Mark, daughter of Benjamin and mother of Danielle, then rented a vehicle from Action Auto Rental, Inc. (Action). That vehicle, while driven by Danielle, was allegedly clipped by a hit-and-run vehicle and then struck another vehicle. Allstate has petitioned to stay arbitration on the grounds (1) that there was no contact with any hit-and-run vehicle and (2) there was no initial coverage from the policy of Abraham Benjamin even if there was contact.
By stipulation dated April 2, 1991, and order of the court dated April 5, 1991, trial was begun on August 20, 1992, on the issues of (1) contact by the alleged hit-and-run vehicle and (2) the effectiveness of the disclaimer by Action’s insurance carrier.
Danielle Mark testified that the vehicle operated by her was struck by a Honda and impelled into the first lane and into the rear of a van. Police Sergeant Frank Forster testified that when he questioned Danielle Mark after the accident she said that she had been cut off by the hit-and-run vehicle but that she did not mention contact with such hit-and-run vehicle. Such testimony does not effectively controvert her own account, however.
The court finds that there was contact between a hit-and-run car and the vehicle driven by Danielle Mark.
Allstate points out that if an "insured has similar insurance available to him and applicable to the accident” its own exposure should be reduced and that "[w]ith respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under this coverage shall apply only as an excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance” (Policy Provisions Booklet, at 40; Other Insurance, parts 5, 6). Allstate has not shown, however, that there was indeed any similar insurance applicable to the accident. The agreement with Action did not provide any liability or personal injury protection.
"She’s committing Allstate in that form” (i.e., in the reservation caption between Action and Lynette Mark), counsel for Allstate contended at the trial. In fact, of course, Lynette *190 Mark was renting a car and did not commit Allstate to anything. Allstate had already committed itself with respect to the insured Mazda and to any rental replacement thereof; Action and Lynette Mark merely tailored their rental agreement to avoid duplicate coverage and to save for the renter the cost of duplicating the coverage already provided by Allstate. Box 3 of the rental contract provides that no liability insurance is provided, only collision and comprehensive. Thus the daily rental was $23.95 instead of $36. The cases relied on by Allstate (Michigan Alkali Co. v Bankers Indem. Ins. Co., 103 F2d 345 [2d Cir]; Lumbermens Mut. Cas. Co. v Allstate Ins. Co., 51 NY2d 651; State Farm Fire & Cas. Co. v LiMauro, 65 NY2d 369) all involved cases involving double coverage with excess policies.
Allstate contends that Lynette Mark could not, because of the requirements of Insurance Law § 3420, choose not to obtain insurance coverage through Action. That section, however, deals with what must be provided by liability policies; it does not provide that, when there is coverage under one policy, coverage under another must be obtained. Even where two liability policies exist, a policy unambiguously providing that there should be no liability coverage is not violative of public policy (Davis v De Frank, 33 AD2d 236, affd 27 NY2d 924). A fortiori where the parties to a rental agreement, aware of the existing liability coverage on a vehicle, forgo further liability coverage, there is no justification to force the creation of double coverage on the grounds of public policy. There are situations which result in existing policies obtained by different parties overlapping. This has necessitated judicially formulated rules to govern the determination of which insurers must assume what coverage. Ordinarily a lessee of a vehicle will need to obtain insurance. There is no requirement, however, that a rented vehicle already insured through the lessee’s own policy also be insured through the lessor.
Allstate’s petition for a stay of arbitration is based on its allegations (1) that Danielle Mark’s injuries were not shown to have been caused by a hit-and-run vehicle, in particular that there was no showing of contact between Danielle Mark’s vehicle and the hit-and-run vehicle, and (2) that, if there had been contact, she must first turn to the policy obtained *191 through Action. Since the court has found that (1) there was contact and (2) that the only liability policy applicable to the vehicle was the Allstate policy, Allstate’s application is denied and the petition dismissed. Allstate and Danielle Mark are directed to proceed expeditiously to arbitration.