■ ALTAF KHAN, Respondent, v ECONOMICS LABORATORY, INC., Appellant. [635 NYS2d 601] —Order, Supreme Court, New York County (Stephen Crane, J.), entered June 9, 1995, which, insofar as appealed from, granted plaintiff's motion for reargument of a prior order of the same court and Justice granting defendant's motion for summary judgment dismissing the complaint and, upon reargument, vacated the prior order and denied defendant's motion to dismiss, unanimously affirmed, without costs.

Plaintiff, a dishwasher in a restaurant, sustained chemical burns to his feet while working with a dishwashing machine supplied, installed, serviced and maintained by defendant. Plaintiff was unable to see what it was that caused his burns or where the substance came from. However, plaintiff proffered substantial circumstantial evidence as to the incident, including that the dishwashing machine was fed liquid chemicals through plastic tubes which could leak as a result of becoming brittle from the chemicals, that the floor around the dishwashing machine was always wet, and that the chemicals were supplied by defendant and were capable of causing burns to human skin. On this record, summary judgment was properly

denied in light of triable issues of fact including whether defendant's negligence was a cause of plaintiff's burns. Indeed, defendant failed to offer any evidence demonstrating its lack of negligence in maintaining and servicing the dishwashing machine (*see, Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294). Concur—Murphy, P. J., Rosenberger, Ross, Nardelli and Mazzarelli, JJ.