■ Eric Rivera, Plaintiff, v Vincent Adinolfi et al., Defendants and Third-Party Plaintiffs-Respondents. New

PLUMBING, INC., et al., Third-Party Defendants-Appellants; MULFORD CONSTRUCTION CORP. et al., Third-Party Defendants-Respondents. [671 NYS2d 57] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about November 6, 1996, which, *inter alia*, denied third-party defendant-appellant's cross motion for summary judgment dismissing the third-party complaint as against it, unanimously reversed, to the extent appealed from as limited by appellant's briefs, on the law, without costs, and the cross motion granted to the extent of dismissing the third-party complaint against it. The Clerk is directed to enter judgment in favor of the third-party defendant-appellant dismissing the third-party complaint.

Plaintiff was injured on October 19, 1991 after slipping and falling in the bathroom of his apartment. Plaintiff alleged that he slipped on tiles that had become loose due to water leaking from the bathroom ceiling, a condition he had complained about several months before. In December 1991, he commenced the instant personal injury action against the owners of the building, Vincent and Marion Adinolfi (owners).

Approximately four years later, the owners commenced a third-party action against New Plumbing, Inc. and Michael Sikoscow (New Plumbing) and Mulford Construction Corp. and Frank Porco (Mulford), alleging that New Plumbing and Mulford had negligently performed construction work at the apartment building thereby causing the leaking condition. It was disclosed that in the summer of 1991, the owners hired New Plumbing to fix a water leak in the apartment directly above plaintiff's, and further contracted with Mulford to restore the wall and tiling in that apartment after the leak was fixed. Both New Plumbing and Mulford moved for summary judgment, arguing that there was no proof of any connection between the repair work performed in a different apartment, months earlier, and the condition in plaintiff's apartment. The IAS Court granted Mulford's motion for summary judgment, but denied it as to New Plumbing on the ground that a triable issue of fact exists as to "whether the water hazard they were hired to repair reoccurred due to their negligence."

We reverse and grant summary judgment to New Plumbing. The deposition testimony of one of the owners established that after the work in the upstairs apartment was completed, there were no complaints about recurring leaks and no other evidence that the work was negligently performed. Nor was any repair work done in plaintiff's apartment itself. The IAS Court relied on these factors in granting Mulford's motion, but apparently concluded that the nature of New Plumbing's work cre-

ated an inference that its negligence may have caused the condition.

We find the court's rationale for this disparate treatment unconvincing. Given the substantial lapse of time between the defendants' repair work in the upstairs apartment and the plaintiff's fall, the absence of any complaints that said repair work was done negligently during that period and the owners' failure to provide any evidence concerning the source of the leak into plaintiff's apartment, there is simply no proof of causation as to either third-party defendant. Since, in the present case, the allegations of negligence and causation are based entirely on speculation, and may not be reasonably inferred, New Plumbing's motion for summary judgment should have been granted (*see, State of New York v Tarrytown Corporate Ctr., II*, 208 AD2d 1009, 1011; *Thomas v New York City Tr. Auth.*, 194 AD2d 663, 664; *cf., Khan v Economics Lab.*, 222 AD2d 297). Concur—Sullivan, J. P., Rubin, Mazzarelli and Andrias, JJ.