■ MILDRED KLAR, Respondent, v A.J. PEGNO CONSTRUCTION CORP., Appellant. [698 NYS2d 537] —In an action to recover damages for personal injuries and wrongful death, the defendant appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated September 29, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court erred in finding that the defendant failed to establish its entitlement to judgment as a matter of law. The defendant submitted evidence, in the form of its daily work reports and the deposition testimony of its project engineer, which demonstrated that it was not performing any work in the area where the plaintiff's decedent tripped and fell (*see, Soto v City of New York,* 244 AD2d 544; *Abbenante v Tyree Co.,* 228 AD2d 529; *Hovi v City of New York,* 226 AD2d 430). The plaintiff's opposition to the defendant's motion did not create a triable issue of fact as to whether the defendant was working in the area where the plaintiff's decedent fell. The plaintiff's opposition was based solely upon speculation that the defendant's construction activity was the cause of her decedent's fall (*see, Lee v Rite Aid,* 261 AD2d 368; *Gianchetta v E. B. Mar.,* 258 AD2d 618). Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.