■ In the Matter of ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, Appellant, v WILLIAM EDWARDS, Respondent. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Proposed Additional Respondent. [705 NYS2d 265] —In a proceeding pursuant to CPLR article 75 to permanently stay the arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated April 9, 1999, which denied the petition.

Ordered that the order is affirmed, with costs.

The respondent William Edwards was injured in an automobile accident which involved a hit-and-run driver. Edwards was operating a vehicle he had leased from the appellant ELRAC, Inc., d/b/a Enterprise Rent-A-Car (hereinafter ELRAC), a self-insured automobile rental company. Edwards concedes that at the time of the accident he owned a vehicle which was not involved in the accident, which was insured by the proposed additional respondent Government Employees Insurance Company (hereinafter GEICO).

After Edwards demanded that ELRAC proceed to arbitration on his uninsured motorist claim, ELRAC commenced this proceeding for a permanent stay of arbitration on the ground that Edwards had signed a rental agreement which waived uninsured motorist (hereinafter UM) benefits from ELRAC, and absolved ELRAC from providing UM benefits to Edwards. In the alternative, ELRAC sought to join GEICO as an additional respondent, and to direct Edwards "to secure primary [UM] coverage" from GEICO, arguing that the sole issue presented was "which company must provide primary [UM] coverage to * * * Edwards".

The Supreme Court properly denied the petition, as ELRAC is obligated by law to furnish such UM benefits to Edwards (*see, Matter of Allstate Ins. Co. v Shaw,* 52 NY2d 818; *see also,* 11 NYCRR 60-1.1 [g]; *Eddy v Aetna Cas. & Sur. Co.,* 159 AD2d 1005; *Matter of Nordone [Government Empls. Ins. Co.],* 58 AD2d 584). Although ELRAC relies on *Matter of Allstate Ins. Co. v Mark* (156 Misc 2d 188), *Progressive Cas. Ins. Co. v*

*Empire Ins. Co.* (162 Misc 2d 91), and *Miller v Sullivan* (174 Misc 2d 690), to support its argument that the waiver is valid and that GEICO's policy provides primary UM insurance as a result of the waiver, we find that those cases conflict with the decision of the Appellate Division, Fourth Department in *Eddy v Aetna Cas. & Sur. Co. (supra)*, and should not be followed. As a result, the Supreme Court properly declined to join GEICO as an additional respondent, as ELRAC is required to provide primary UM benefits to Edwards.

For the first time on appeal, ELRAC also claims that joinder of GEICO was required to enable the Supreme Court to review the GEICO policy and any "other insurance" clause contained therein, and to determine whether the UM benefits provided under the GEICO policy must be treated as equally "primary" with the UM benefits which ELRAC must provide as a matter of law. We decline to address this issue, as it was never presented to the Supreme Court in the first instance, and is therefore improperly raised for the first time on appeal *(see, e.g., Matter of American Home Assur. Co. v Cebellos,* 224 AD2d 612, 613; *Matter of Allstate Ins. Co. v Beider,* 212 AD2d 693, 694). Mangano, P. J., Altman, Schmidt and Smith, JJ., concur.