■ In the Matter of ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, Respondent, v AZALEA FAJARDO, Respondent, and ALLSTATE INSURANCE COMPANY, Appellant. [705 NYS2d 264] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, Allstate Insurance Company appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated January 25, 1999, which granted the petition staying arbitration against the petitioner, and directed that arbitration proceed against it.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the petitioner is directed to proceed to arbitration with Azalea Fajardo.

Azalea Fajardo was involved in a collision with an unknown driver while operating a car that she rented from the petitioner ELRAC, Inc., d/b/a Enterprise Rent-A-Car (hereinafter ELRAC), a self-insured automobile rental company. The rental agreement signed by Fajardo provided that personal injury and uninsured motorist protection were not included and that the renter waived any claims thereto. At the time of the collision, Fajardo was independently insured by Allstate Insurance Company (hereinafter Allstate).

After Fajardo filed a demand for arbitration of her uninsured motorist claim, ELRAC commenced this proceeding to stay

arbitration, alleging that a self-insured automobile rental company has no obligation to provide primary uninsured motorist coverage to a renter who is otherwise insured. After Allstate was joined as an additional respondent, the Supreme Court granted the petition staying arbitration against ELRAC, and directed that arbitration proceed against Allstate.

The Supreme Court erred in granting the petition. ELRAC is obligated by law to provide primary uninsured motorist benefits and, consequently, the waiver in the rental agreement is unenforceable (*see, Matter of ELRAC, Inc. v Edwards,* 270 AD2d 414 [decided herewith]).

In light of our determination, it is unnecessary to address the remaining contention of Allstate. Bracken, J. P., Ritter, Altman and McGinity, JJ., concur.