■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent-Appellant, v MILAGRO SARAVIA, Appellant-Respondent. [705 NYS2d 685] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, Milagro Saravia appeals (1) from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered April 7, 1999, which granted the petition and permanently stayed arbitration, and (2), as limited by her brief, from so much of an order of the same court, entered June 29, 1999, as, upon reargument, granted the petition only to the extent that it temporarily stayed the arbitration pending a determination of the issue of whether she had a reasonable belief that the vehicle in which she was injured was being operated with the permission of the owner, and granted the petitioner discovery on that issue, and the petitioner Liberty Mutual Insurance Company cross-appeals, as limited by its brief, from so much of the order entered June 29, 1999, as granted reargument and denied a permanent stay of arbitration.

Ordered that the appeal from the order entered April 7, 1999, is dismissed, without costs or disbursements, as that order was superseded by the order entered June 29, 1999, made upon reargument; and it is further,

Ordered that the order entered June 29, 1999, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Milagro Saravia, a passenger in a car driven by Jose Romero, was injured when the car ran a red light and struck another vehicle. Romero was driving the car without the permission of the owner, Rodolfo Salamanca. The petitioner, Liberty Mutual Insurance Company (hereinafter Liberty), insured the Salamanca vehicle. Because there was no liability coverage for the vehicle as a result of Romero's nonpermissive use, Saravia served on Liberty a notice of intention to arbitrate and a demand for arbitration of an uninsured motorist claim. After the arbitration was scheduled, Liberty commenced this proceeding to permanently stay arbitration. The Supreme Court granted the petition, but, upon reargument, granted only a temporary stay of arbitration pending a determination as to whether Saravia had a reasonable belief that Romero was operating the vehicle with the permission of the owner. The

court also determined that Liberty was entitled to discovery on that issue.

Once it was determined that Romero was driving the vehicle without Salamanca's permission, the car became an uninsured vehicle pursuant to the terms of the Liberty policy (*see, Rowell v Utica Mut. Ins. Co.,* 77 NY2d 636, 640; *see also, Matter of Liberty Mut. Ins. Co. [Hogan],* 82 NY2d 57). Although the supplementary uninsured motorist endorsement of the policy states that an uninsured vehicle does not include a vehicle that is "[i]nsured under the liability coverage of this policy", that provision cannot be invoked to deprive Saravia of the mandatory uninsured motorist benefits required by Insurance Law § 3420 (f) (1) (*see, Rowell v Utica Mut. Ins. Co., supra,* at 640).

The uninsured motorist endorsement of the policy does, however, state in relevant part, as follows: "We do not provide Uninsured Motorists Coverage for 'bodily injury' sustained by any person * * * Using a vehicle without a reasonable belief that that person is entitled to do so". Consequently, the Supreme Court properly determined that the issue of whether Saravia had a reasonable belief that Romero was operating the vehicle with permission must first be resolved. The court also correctly determined that Liberty was entitled to discovery on that issue (*see, Matter of Graphic Arts Mut. Ins. Co. [Leno],* 214 AD2d 976). Contrary to Saravia's contentions, Liberty was not obligated to timely disclaim coverage based on that policy provision, and its petition to stay arbitration was timely. Because the policy language expresses a lack of coverage, a prompt disclaimer is not required and the 20-day limitations period of CPLR 7503 (c) does not apply (*see, Matter of Worcester Ins. Co. v Bettenhauser,* 260 AD2d 488; *Matter of Graphic Arts Mut. Ins. Co. [Leno], supra*). Joy, J. P., Altman, Goldstein and H. Miller, JJ., concur.