■ DEBORAH GOLDBLATT et al., Appellants, v LASHELLDA MAINTENANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent. SEARS, ROEBUCK & Co., Third-Party Defendant-Respondent. [718 NYS2d 397] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated October 12, 1999, which granted the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The injured plaintiff, Deborah Goldblatt, allegedly slipped and fell on a vinyl tile floor at her workplace, a store owned by the third-party defendant Sears, Roebuck & Co. (hereinafter Sears) in Hicksville. The defendant third-party plaintiff, LaShellda Maintenance Company (hereinafter LaShellda) was responsible for daily cleaning of the store. The plaintiffs alleged that the floor was slippery because LaShellda failed to apply a finish to the floor after stripping it.

After LaShellda established a prima facie case of its entitlement to summary judgment, the plaintiffs failed to raise a triable issue of fact. Absent proof of a reason for a fall other than the "inherently slippery" condition of a floor, no cause of action sounding in negligence can be sustained (*see, Brandefine v National Cleaning Contr.,* 265 AD2d 441; *Bouloukos v Vassar Bros. Hosp.,* 262 AD2d 342; *Lee v Rite Aid,* 261 AD2d 368). In this case, the plaintiffs submitted no expert testimony to support the claim that stripping a tile floor and leaving it without a finish created a dangerous condition (*see, Klar v Pegno Constr. Corp.,* 266 AD2d 434; *Rivera v Adinolfi,* 249 AD2d 55). The plaintiffs' opposition papers were therefore insufficient to defeat the prima facie showing by LaShellda of its entitlement to summary judgment (*see,* CPLR 3212 [b]).

The plaintiffs' contention that the tiles were worn smooth because of the maintenance of the floor by LaShellda is improperly raised for the first time on appeal, and, in any event, is not supported by the record (*see, First Nationwide Bank, FSB v Goodman,* 272 AD2d 433; *Matter of ELRAC, Inc. v Edwards,* 270 AD2d 414). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment. Friedmann, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.