■ In the Matter of GALLAGHER BASSETT SERVICES, INC., et al., Respondents, v VALENTINA MAKEREVICH, Respondent, and GEICO INSURANCE COMPANY, Appellant. [733 NYS2d 734] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, GEICO Insurance

Company appeals from an order of the Supreme Court, Kings County (I. Kramer, J.H.O.), dated September 12, 2000, which, in effect, granted the petition and stayed arbitration of the respondent Valentina Makerevich's uninsured motorist claim against the petitioners.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

While operating a vehicle owned by the petitioner Dollar Rent-A-Car (hereinafter Dollar), a self-insured automobile rental company, the respondent, Valentina Makerevich, allegedly sustained personal injuries in an accident with a hit-and-run driver. At the time of the accident, Makerevich was independently insured by the appellant, GEICO Insurance Company (hereinafter GEICO).

After Makerevich filed a demand for arbitration of her uninsured motorist claim against Dollar, Dollar and the petitioner Gallagher Bassett Services, Inc., the third-party administrator of Dollar's self-insurance plan, commenced the instant proceeding to stay arbitration, asserting, *inter alia*, that it had no obligation to provide uninsured motorist coverage to Makerevich because she had declined the additional insurance coverage offered to her when she rented the vehicle. GEICO was added as an additional respondent and, after a hearing, the Supreme Court, in effect, granted the petition. We reverse.

The Supreme Court erred in granting the petition since Dollar "is obligated by law to provide primary uninsured motorist benefits" (*Matter of ELRAC, Inc. v Fajardo,* 270 AD2d 415, 416; *see, Matter of ELRAC, Inc. v Edwards,* 270 AD2d 414; *Matter of Allstate Ins. Co. v Shaw,* 52 NY2d 818; *Matter of Allstate Ins. Co. v Lopez,* 266 AD2d 209).

Contrary to Dollar's contention, Makerevich's demand for arbitration was timely (*cf., Matter of Allstate Ins. Co. v Torrales,* 186 AD2d 647; *Matter of Allstate Ins. Co. v Morrison,* 267 AD2d 381). H. Miller, J. P., Townes, Crane and Cozier, JJ., concur.