■ TIMOTHY MANN, SR., et al., Respondents, v ALL WASTE SYSTEMS, INC., Appellant, et al., Defendants. [741 NYS2d 272] —In an action to recover damages for personal injuries, etc., the defendant All Waste Systems, Inc., appeals from (1) a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered October 13, 2000, which, pursuant to CPLR 5003-a, is in favor of the plaintiffs and against it in the principal sum of $4,375,000, representing the amount of a settlement, (2) an order of the same court dated November 22, 2000, which denied its motion to vacate the judgment, and (3) an order of the same court dated January 19, 2001, which denied its motion to correct the judgment and stay its execution.

Ordered that the judgment and orders are affirmed, without costs or disbursements.

CPLR 5003-a provides that a settling plaintiff, upon tender of a duly-executed release and stipulation of discontinuance to a settling defendant, is entitled to enter judgment in the amount set forth in the release, together with interest and a lawful disbursement of costs, if all sums are not paid within 21 days of tender (*see* CPLR 5003-a [a]). We decline to address the timeliness argument of the defendant All Waste Systems, Inc. (hereinafter *All* Waste), as framed on appeal, as this precise argument was not presented to the Supreme Court in the first instance, and therefore is improperly raised for the first time on appeal (*see Goldblatt v LaShellda Maintenance Co.,* 278

AD2d 451; *Matter of ELRAC, Inc. v Edwards,* 270 AD2d 414). Contrary to All Waste's contention, the plaintiffs were entitled to interest on the full settlement amount despite the fact that they had received partial payment by the entry date of the judgment, as CPLR 5003-a (e) entitles the settling plaintiff, who has not been paid "all sums," to "costs and lawful disbursements" and interest on the "amount set forth in the release from the date that the release and stipulation discontinuing [the] action were tendered." Prudenti, P.J., Santucci, Florio and Friedmann, JJ., concur.