OPINION OF THE COURT
Charles J. Markey, J.
The issue litigated in this case for no-fault benefits is whether the defendant insurer can successfully disclaim no-fault benefits, in a Civil Court action, by arguing that the plaintiffs assignee should seek recovery from the insurer of the *246 rental car that its assignor was driving at the time of the injury. The case also addresses the novel question of whether, under the circumstances of the present case, joinder of the rental car company’s insurer is required so that the court can examine both insurance policies in controversy and, in particular, any “other insurance” clauses that they may contain.
Plaintiffs assignor, Marie Baptiste, was injured in a motor vehicle accident which occurred on December 5, 2001. At the time, she was driving a rental vehicle owned by Budget Rent-A-Car (Budget), whose insurer is Lancer Insurance Company (Lancer). The insurer for the vehicle owned by Ms. Baptiste, not involved in the accident, was Progressive Casualty Insurance Company (Progressive).
Ms. Baptiste went to the plaintiff health care provider, Damadian MRI in Garden City, P.C. (Damadian), and assigned her claim to it. When the plaintiff sought benefits, Lancer denied coverage, in a writing dated April 25, 2002, stating, in pertinent part: “The Claimant is not an ‘eligible injured person’ under this policy. The claimant rented the vehicle as a temporary replacement for his/her own vehicle, which was in repair. All no-fault benefits must be sought from Progressive, Marie Baptiste’s own insurance carrier.”
WZhen Damadian then sought benefits from Progressive, Progressive responded, in a writing dated May 29, 2002, stating, in pertinent part: “No-fault benefits should be sought through the insurer of the vehicle you occupied or were struck by. No-fault coverage should be sought from Lancer Insurance, Lancer File Number 1207184.” (Emphasis in original.)
Progressive moves for summary judgment or, in the alternative, to strike the case from the trial calendar on the grounds that discovery is incomplete. Damadian cross-moves for summary judgment.
The advocacy in this case does a disservice to the weighty issue posed by this case. With regard to the defendant Progressive’s motion for summary judgment, defendant simply states, in a reply affirmation: “As the Court is aware, the general rule in New York State is that no-fault coverage follows the vehicle, not the person who is seeking no-fault coverage.” In litigating a matter that one alleges is worthy of summary judgment, a court desires citation to legal authorities — and not a self-serving reliance on what one believes to be the court’s “awareness.” In the present motion, defendant has not provided the court with a single citation to support its legal contention. The omission is especially startling since counsel, at oral argu *247 ment, advised the court that the present case was “unusual.” A fortiori, if the instant case is “unusual,” defendant has an even greater professional obligation to delve into legal research and find authorities or to state that, after an exhaustive search, none could be found.
Plaintiff’s counsel is not free of reproach, either. The plaintiff, as part of an untabbed exhibit,* inserts a single page from an unknown policy, presumably that of Progressive, stating that said insurer will cover its insured while driving a rental vehicle when the insured vehicle is being repaired.
The court in Miller v Sullivan (174 Misc 2d 690 [Sup Ct, Monroe County 1997]) stated: “[T]here is no legislative nor common-law expression of preference which favors as a matter of public policy the placement of liability as between the insurer of the owner and the insurer of the driver” (id. at 695). However, subsequent to Miller, on March 20, 2000, the Appellate Division, Second Department, decided two cases involving Enterprise Rent-A-Car (Enterprise), sued as Elrac, Inc. That rental car company, like Budget, in the present case, sought to avoid any liability (see, Matter of Elrac, Inc. v Edwards, 270 AD2d 414 [2d Dept 2000]; Matter of Elrac, Inc. v Fajardo, 270 AD2d 415 [2d Dept 2000]). The Second Department rejected Enterprise’s positions. The Second Department held that a rental car company may not attempt to waive its liability as part of the rental contract. The appellate court stated that the rental car company is primarily responsible (Matter of Elrac, Inc. v Fajardo, 270 AD2d at 416).
With regard to the laissez-faire formulation in Miller, allowing private contracts to discern legal obligations, the Second Department in Edwards stated expressly that Miller no longer represents good law and is not to be followed (Matter of Elrac, Inc. v Edwards, 270 AD2d at 414-415; for a review of the state of the law prior to the twin Elrac decisions, see the discussion in Allstate Ins. Co. v Snappy Car Rental, Inc., 16 F Supp 2d 410 [SD NY 1998]; Morris v Snappy Car Rental, 84 NY2d 21 [1994]; see also, Laba v Petrullo, 191 Misc 2d 758 [Nassau Dist Ct 2002]; Lane v Michael, 183 Misc 2d 793 [Rochester City Ct, Monroe County 2000]).
The decisions by the Appellate Division in the twin Matter of Elrac cases (270 AD2d 414, 270 AD2d 415) illustrate the *248 judicial hostility toward exoneration of a leasing or rental car company. As recently observed by legal commentators Robert S. Kelner and Gail S. Kelner:
“[T]he insurance company could have contractually limited its exposure to the injured lessee but chose to evade all liability which resulted in the indemnification clause being stricken in its entirety. The courts have rejected attempts by leasing companies to circumvent the public policy of the state of New York to provide financial recourse to severely injured accident victims.” (R. Kelner & G. Kelner, Vehicle and Traffic Law § 388: Liability of Leasing Companies, NYLJ, May 27, 2003, at 3, col 1, at 7, col 3.)
It appears, in the case at bar, that the plaintiff has sued the wrong insurer. It might also be true that the insurance policies of Lancer and Progressive might apportion the shares of responsibility.
What makes this case unique, typical of the nonchalant manner of counsel in this case, is that no one has sued Lancer or has impleaded it in this action — even though it is the entity primarily responsible. This situation is interesting since the case is on the trial calendar.
The other branch of Progressive’s motion is to strike the case from the trial calendar on the grounds that discovery is not complete. Other than attaching a letter to opposing counsel as an exhibit to the motion, conclusorily alleging such incomplete state of discovery, counsel fails to attach the discovery demands themselves or to explain how the missing information is somehow germane to the main issue in this case identified above.
Even though Progressive’s alternative stance of striking this case from the trial calendar may have been nothing more than a red herring, it provides the solution to the tangled situation of the present case. The branch of the motion of defendant seeking to strike the case from the trial calendar is granted so that defendant may preferably implead Lancer in this action, to the extent that it is subject to the jurisdiction of this court, or commence a declaratory judgment action in Supreme Court regarding this matter. The court directs defense counsel to take the most expeditious action of the two alternatives on or before August 20, 2003.
In the interim, plaintiff’s counsel shall furnish defense counsel with any missing discovery that has been demanded. Failure of plaintiff’s counsel to complete this obligation shall *249 not excuse defense counsel from either impleading Lancer or commencing a declaratory judgment action.
This case thus poses the issue that the Second Department in Matter of Elrac, Inc. v Edwards (270 AD2d 414 [2000], supra) held was not timely preserved for appellate review: whether or not joinder of the other insurer was required in order to enable the Court to review the other carrier’s policy and any “other insurance” clause that might be contained therein. In the present case, neither the Progressive nor the Lancer insurance policy has been provided to the court, thereby making any resolution of this controversy premature.
This court further directs that, until the issue is reviewed again, the amount of statutory interest and statutory interest permitted by the no-fault laws shall continue to run. The amount of interest is granted by statute, and no authority has been cited to this court that would permit a tolling of statutory interest (see, New York Hosp. Med. Ctr. of Queens v CountryWide Ins. Co., 295 AD2d 583 [2d Dept 2002]; New York & Presbyt. Hosp. v Allstate Ins. Co., 295 AD2d 412 [2d Dept 2002]).
For the reasons discussed above, the cross motion brought by plaintiff Damadian, seeking summary judgment against Progressive is also, in all respects, denied. The plaintiff’s claim for no-fault benefits was denied in timely fashion, within the necessary 30 days (see, Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d 274 [1997]) for the reason that Lancer is responsible. However, an impleader in this action or a declaratory judgment action in Supreme Court is necessary to determine the apportionment of liability, if any, between the two carriers.
The motion and cross motion for summary judgment are both denied. The branch of the defendant’s motion striking this case from the trial calendar is granted for the aforementioned reasons.

 This court has commented frequently, in several unpublished opinions, that the failure of counsel to use exhibit tabs, adds to the difficulties faced by this court.