■ DEBORAH BOTHE, Appellant, v HANK ROSS et al., Defendants, and VYTRA HEALTHCARE, Respondent. [786 NYS2d 324]—In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Parga, J.), entered October 22, 2002, which granted the motion of the defendant Vytra Healthcare for summary judgment dismissing the complaint insofar as asserted against

it, and (2) a judgment of the same court entered November 26, 2002, which, upon the order, dismissed the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The claims pleaded in the complaint against the defendant Vytra Healthcare (hereinafter Vytra) are preempted by ERISA (29 USC § 1132) (*see Aetna Health Inc. v Davila,* 542 US —, 124 S Ct 2488). To the extent that the plaintiff asserts that Vytra is liable for her injuries because it coerced the defendant Hank Ross to perform the surgery at issue, this contention is improperly raised for the first time on appeal (*see Nobles v Procut Lawns Landscaping & Contr.,* 7 AD3d 768 [2004]; *Goldblatt v LaShellda Maintenance Co.,* 278 AD2d 451 [2000]; *Mann v All Waste Sys.,* 293 AD2d 656 [2002]; *Matter of ELRAC, Inc. v Edwards,* 270 AD2d 414 [2000]; *Chiulli v Cross Westchester Dev. Corp.,* 130 AD2d 616 [1987]). In any event, her claim is neither encompassed by the pleadings nor supported by the record. Krausman, J.P., Luciano, Cozier and Spolzino, JJ., concur.