■ MARQUES LAKIN et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants, et al., Defendant. [814 NYS2d 264]—

In an action to recover damages for medical malpractice, etc., the defendants County of Suffolk and John Vullo appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 13, 2005, as, upon renewal, adhered to its original determination in an amended infant compromise order dated January 2005 directing them to pay $25,000 to the plaintiffs' attorney and $37,750 to Allstate Life Insurance Company, and (2) a second amended infant's compromise order dated June 1, 2005, which granted the plaintiffs' motion to direct them to pay $25,000 to the plaintiffs' attorney and $41,214 to Allstate Life Insurance Company.

Ordered that the appeal from the order dated May 13, 2005, is dismissed, without costs or disbursements, as that order was superseded by the second amended infant compromise order dated June 1, 2005; and it is further,

Ordered that the second amended infant compromise order dated June 1, 2005 is reversed, without costs or disbursements, the motion is denied, the amended infant's compromise order dated January 2005 and the order dated May 13, 2005 are vacated, and the matter is remitted to the Supreme Court, Suffolk County, to determine whether the plaintiffs are entitled to relief pursuant to CPLR 5003-a.

On February 25, 2004 the parties entered into a stipulation of settlement in open court. The plaintiffs agreed to accept the sum of $60,000. By infant compromise order dated April 27, 2004, the appellants were directed to pay $25,000 to the plaintiffs' attorney for attorney's fees, and $35,000 for the purpose of setting up an annuity from Prudential Life Insurance Company of America. The plaintiffs hired Ringler Associates (hereinafter Ringler) to purchase the annuity.

The infant compromise order, an executed release, and a stipulation discontinuing the action executed by the plaintiffs was sent to the appellants and to Ringler on or about May 11, 2004. By letter dated May 24, 2004, Ringler forwarded to the appellants' attorney the settlement agreement and release documents, the infant compromise order, and two original qualified assignment agreements, and requested a premium check in the sum of $35,000 "as soon as possible."

By facsimile dated July 29, 2004 to the appellants, Ringler stated "it is imperative that you forward a check in the amount of $35,000 . . . to this office immediately. After August 3, 2004, the cost of this annuity will increase."

By notice of motion dated September 13, 2004, the plaintiffs moved to compel payment of the settlement proceeds. By order dated December 16, 2004, the Supreme Court directed a conference to be held on January 6, 2005. In January 2005 the Supreme Court issued an amended infant compromise order directing the appellants to pay $25,000 to the plaintiffs' attorney and $37,750 to Allstate Life Insurance Company of New York (hereinafter Allstate).

The appellants moved for leave to renew their opposition to the plaintiffs' motion to compel funding of the settlement on the ground that pursuant to CPLR 5003-a (b) a municipality has 90 days from the tender of the release to fund the settlement.

By order dated May 13, 2005, the Supreme Court granted

leave to renew and, upon renewal, adhered to the original determination on the ground that "[t]he defendant has failed to proffer any additional or new facts which would warrant reconsideration of the funding regarding the Amended Infant Compromise Order."

On June 1, 2005 a second amended infant compromise order was issued, directing the appellants to pay $25,000 to the plaintiffs' attorneys and $41,214 to Allstate.

The stipulation of settlement required the appellants to pay the plaintiffs $60,000—not a specific payout amount from an annuity. Pursuant to CPLR 5003-a (b) and (c), a municipality or its employee must pay the settlement within 90 days of tender by the settling plaintiff of a duly-executed release and stipulation discontinuing the action. CPLR 5003-a (e) provides that if the municipality or its employee fails to make timely payment, the plaintiff may enter judgment "for the amount set forth in the release, together with costs and lawful disbursements, and interest on the amount set forth in the release from the date that the release and stipulation discontinuing action were tendered" (see *Mann v All Waste Sys.*, 293 AD2d 656, 657 [2002]).

In the instant case, the 90-day period had not expired by August 3, 2004, which was when the plaintiffs claim that the price of the annuity increased. However, by September 2004, when the plaintiffs moved to compel payment, the 90-day period had expired.

In view of the foregoing, it appears that the plaintiffs may be entitled to relief pursuant to CPLR 5003-a. However, there was no basis in the record for increasing the amount of the settlement. Florio, J.P., Rivera, Fisher and Lunn, JJ., concur.