Matter of Hartford Acc. & Indem. Co. v Dellegrazie (2021 NY Slip Op 00311)





Matter of Hartford Acc. & Indem. Co. v Dellegrazie


2021 NY Slip Op 00311


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-03431
 (Index No. 515183/17)

[*1]In the Matter of Hartford Accident & Indemnity Company, appellant, 
v
Grace Dellegrazie, etc., respondent.


Churbuck Calabria Jones & Materazo, P.C., Hicksville, NY (Nicholas P. Calabria of counsel), for appellant.
Stavros E. Sitinas, LLC (Lisa M. Comeau, Garden City, NY, of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated January 24, 2018. The order denied the petition to permanently stay arbitration.
ORDERED that the order is affirmed, with costs.
On April 4, 2016, a thief stole a business truck owned by Felice Dellegrazie and ran him over in the course of the theft, resulting in Dellegrazie's death. Dellegrazie had insured the vehicle under a business auto policy with the petitioner, Hartford Accident & Indemnity Company (hereinafter Hartford). The administratrix of Dellegrazie's estate (hereinafter the administratrix) made a claim for uninsured motorist coverage under the policy. In a letter dated September 6, 2016, Hartford disclaimed coverage on the ground that, pursuant to the definitions in the policy, the term "uninsured motor vehicle" did not include a vehicle that was insured under the liability coverage of the policy. Hartford asserted that although the vehicle was stolen at the time of the accident, it did not meet the definition of an "uninsured motor vehicle" because it was otherwise insured under the liability coverage of the policy.
The administratrix made a demand for arbitration of the claim. Hartford then commenced this proceeding to permanently stay the arbitration. The Supreme Court denied the petition, finding that Hartford's disclaimer was untimely as a matter of law. Hartford appeals.
We agree with Hartford that the petition should not have been denied on the ground of untimely disclaimer. "Disclaimer pursuant to [Insurance Law] section 3420(d) is unnecessary when a claim falls outside the scope of the policy's coverage portion. Under those circumstances, the insurance policy does not contemplate coverage in the first instance, and requiring payment of a claim upon failure to timely disclaim would create coverage where it never existed" (Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 188). Here, Hartford's contention that the policy language expresses a lack of coverage would not require prompt disclaimer (see Matter of Liberty [*2]Mut. Ins. Co. v Saravia, 271 AD2d 534, 535).
However, we find that the petition should have been denied on the merits. The parties do not dispute that the subject vehicle was stolen at the time of the accident (see Adamson v Evans, 283 AD2d 527, 528). Insurance Law § 3420(f)(1) mandates that automobile insurance policies feature uninsured motorist coverage, in an amount of the minimum liability limits, covering the insured for damages caused by an owner or operator of an uninsured motor vehicle, a stolen vehicle, and a motor vehicle operated without permission of the owner (see Insurance Law § 3420[f][1]; Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d 799, 805; Rowell v Utica Mut. Ins. Co., 77 NY2d 636, 639-640). Insurance Law § 3420(f)(2) requires an insurer to also provide, at the election of the insured, supplementary uninsured motorist (hereinafter SUM) insurance in an amount up to the bodily injury liability insurance limits of coverage provided under the policy (see Insurance Law § 3420[f][2]; Raffellini v State Farm Mut. Auto Ins. Co., 9 NY3d 196, 200).
In order to "eliminate ambiguity, minimize confusion and maximize [the] utility" of Insurance Law § 3420(f)(2), the Superintendent of Insurance promulgated a regulation codified at 11 NYCRR subpart 60-2, which requires every SUM endorsement issued to be in the form prescribed by 11 NYCRR 60-2.3(f) (Raffellini v State Farm Mut. Auto. Ins. Co., 9 NY3d at 200 [internal quotation marks omitted]). The SUM endorsement in the subject policy contains the required language. As relevant, it defines the term "uninsured motor vehicle" to include a motor vehicle that through its use results in bodily injury to an insured and for which no bodily injury liability insurance policy applies because at the time of the accident the vehicle was stolen (see 11 NYCRR 60-2.3[f][I][c][1]). The term "uninsured motor vehicle" also includes a motor vehicle for which there is a bodily injury liability insurance coverage applicable to the vehicle at the time of the accident, but for which, among other possibilities, the amount of coverage is less than that offered under the SUM endorsement (see 11 NYCRR 60-2.3[f][I][c][3][i]). Immediately after that provision, the SUM endorsement states that the term "uninsured motor vehicle" does not include a motor vehicle that is insured under the liability coverage of the policy (see 11 NYCRR 60-2.3[f][I][c][3][iii][1]).
Relying on this language in the SUM endorsement, Hartford contends that there is no uninsured motorist coverage for the subject accident because the vehicle involved was insured under the liability coverage of the policy. To the extent that Hartford seeks to avoid its obligation to provide the mandatory coverage required by Insurance Law § 3420(f)(1), its reliance on the definitions in the SUM endorsement are misplaced. The SUM endorsement provides the terms and conditions governing the supplemental uninsured motorist coverage required by Insurance Law § 3420(f)(2) (see 11 NYCRR 60-2.0), not the basic uninsured motorist coverage required by Insurance Law § 3420(f)(1). Furthermore, even were the subject policy language otherwise, Hartford could not avoid its obligation to provide the coverage mandated by the statute, and the policy "shall be construed as if such provisions were embodied therein" (Insurance Law § 3420[f][1]; see Rowell v Utica Mut. Ins. Co., 77 NY2d at 640; Matter of Liberty Mut. Ins. Co. v Saravia, 271 AD2d at 535).
Hartford's contention is also without merit to the extent that it pertains to the supplemental uninsured motorist coverage. Once it was determined that the subject vehicle was stolen, it "became an uninsured vehicle pursuant to the terms of the [Hartford] policy" (Matter of Liberty Mut. Ins. Co. v Saravia, 271 AD2d at 535; see Rowell v Utica Mut. Ins. Co., 77 NY2d at 640) and was not a vehicle "[i]nsured under the liability coverage of [the] policy" at the time of the accident. "[T]he statutorily required endorsement is remedial in nature and should be liberally construed to afford a person injured in an accident involving an uninsured driver the same protection that such a person would have had if involved in an accident caused by a legally insured motorist" (Rowell v Utica Mut. Ins. Co., 77 NY2d at 640; see Matter of Country-Wide Ins. Co. v Wagoner, 45 NY2d 581, 586). "Reasonably interpreted" (Rowell v Utica Mut. Ins. Co., 77 NY2d at 640), the provision of the SUM endorsement stating that "uninsured motor vehicle" does not include a motor vehicle that is insured under the liability coverage of the policy at issue is meant to limit the supplemental insurance available where there is bodily injury liability insurance coverage "applicable to such motor vehicle at the time of the accident" (see 11 NYCRR 60-2.3[f][I][c][3]). This provision might, for example, prohibit an insured, injured by a vehicle covered under the policy driven by [*3]someone with the insured's permission, from recovering more under the SUM endorsement than the amount of bodily injury liability insurance coverage in the policy. The provision is not meant to deprive the insured of the mandated coverage "where the insured is injured by a stolen vehicle, which coincidentally is the vehicle insured under the policy in question" (Rowell v Utica Mut. Ins. Co., 77 NY2d at 640).
Accordingly, the petition to permanently stay arbitration of the uninsured motorist claim should be denied. We, therefore, affirm the order appealed from.
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court