Matter of Government Empls. Ins. Co. v Sarmiento (2025 NY Slip Op 05083)

Matter of Government Empls. Ins. Co. v Sarmiento

2025 NY Slip Op 05083

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-03504
 (Index No. 717389/23)

[*1]In the Matter of Government Employees Insurance Company, appellant, 
v
Alan S. Sarmiento, respondent-respondent; National Union Fire Insurance Company of Pittsburgh, proposed additional respondent-respondent, et al., proposed additional respondent.

Katie A. Walsh, Melville, NY (Andrew Weber of counsel), for appellant.
Marshall Dennehey, P.C., New York, NY (Diane K. Toner of counsel), for proposed additional respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered February 28, 2024. The order, insofar as appealed from, denied that branch of the petition which was to permanently stay arbitration.
ORDERED that order is reversed insofar as appealed from, on the law, with costs payable by the proposed additional respondent National Union Fire Insurance Company of Pittsburgh, and that branch of the petition which was to permanently stay arbitration is granted.
The respondent, Alan Sarmiento, allegedly was injured when the rental truck in which he was a passenger was struck by a vehicle that left the location of the accident without providing information. The rental truck was owned by Herc Rentals, Inc. (hereinafter Herc), and insured by the proposed additional respondent National Union Fire Insurance Company of Pittsburgh (hereinafter National Union). National Union declined a claim. Sarmiento's personal vehicle was insured by the petitioner, Government Employees Insurance Company (hereinafter GEICO). Sarmiento demanded arbitration of his claim for uninsured motorist benefits against GEICO.
GEICO commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of Sarmiento's claim for uninsured motorist benefits. National Union opposed the petition, contending that its policy was unavailable for this claim based on the Graves Amendment (see 49 USC § 30106). In an order entered February 28, 2024, the Supreme Court, among other things, denied that branch of the petition which was to permanently stay arbitration. GEICO appeals.
The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue that would justify the stay (see Matter of Government Empls. Ins. Co. v Enriquez, 231 AD3d 724, 725; Matter of Allstate Ins. Co. v Robinson, 188 AD3d 1186, 1188). Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing (see Matter of Government Empls. Ins. Co. v Enriquez, 231 AD3d at 725; Matter of Allstate Ins. Co. v Robinson, 188 AD3d at 1188-1189).
Here, GEICO met its burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue that would justify the stay. GEICO demonstrated that Sarmiento allegedly was injured as a passenger in a truck owned by Herc that had been rented pursuant to a rental contract. GEICO also showed that Herc, as a vehicle rental company, was required under New York law to obtain insurance or file a surety bond for, or self-insure, the truck (see Vehicle and Traffic Law § 370[1], [3]; ELRAC, Inc. v Ward, 96 NY2d 58, 72). That requirement also included an obligation to obtain uninsured motorist coverage (see Matter of Hartford Acc. & Indem. Co. v Dellegrazie, 190 AD3d 855, 857). Having been allegedly injured as a passenger in a rental vehicle owned by Herc and insured by National Union, Sarmiento may seek primary uninsured motorist benefits under that National Union policy rather than under a GEICO policy insuring Sarmiento's own vehicle (see Matter of Gallagher Bassett Servs. v Makerevich, 289 AD2d 330; Matter of ELRAC, Inc. v Fajardo, 270 AD2d 415).
National Union failed to rebut GEICO's prima facie showing. Although National Union contends that the Graves Amendment applies here to exempt it from liability, the Graves Amendment has a savings clause permitting states, such as New York, to enforce financial responsibility and insurance standards (see 49 USC § 30106[b]; see also 37 S. Fifth Ave. Corp. v Dimensional Stone & Tile, 58 Misc 3d 56, 59 [App Term, 2d Dept, 9th and 10th Jud Dist]; Garcia v Vanguard Car Rental USA, Inc., 540 F3d 1242, 1246 [11th Cir]). Sarmiento's claim against National Union does not seek to impose vicarious liability against Herc, based solely on Herc's ownership of the rental truck, for alleged negligence of the truck's driver. Rather, Sarmiento seeks to recover for the alleged negligence of an uninsured motorist who struck Herc's truck.
Accordingly, the Supreme Court should have granted that branch of the petition which was to permanently stay arbitration of Sarmiento's claim for uninsured motorist benefits under the GEICO policy.
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court